UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 07-23111-Civ-HURLEY
         (95-728-Cr-HURLEY)
MAGISTRATE JUDGE P.A. WHITE

ERROL SAWYER,                   :

    Movant,                     :

v.                              :         <u>REPORT OF</u>
                                          <u>MAGISTRATE JUDGE</u>
UNITED STATES OF AMERICA,       :

    Respondent.                 :
_____

    This matter is before this Court on the movant's motion to vacate, attacking the constitutionality of his sentence based on the Supreme Court's recent decision in <u>Kimbrough v. United States</u>,[1] 552 U.S. ___, 128 S.Ct. 558 (2007) and the recent U.S. Sentencing Guidelines Amendment lowering base offense levels for offenses involving crack cocaine.

    The court has reviewed the motion, the government's response, the Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

    Briefly, the procedural history of the underlying case reveals that the movant was convicted following a jury verdict of conspiracy to possess cocaine and marijuana (Count 1), possession with intent to distribute marijuana and cocaine (Counts 3-4), using a firearm during and in relation to a drug trafficking offense

---

[1] In <u>Kimbrough</u>, the Supreme Court determined that, in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005), a district court may deviate from an advisory guidelines range for crack cocaine offenses based on a conclusion that the disparity between ranges for crack and powder cocaine results in a sentence greater than necessary to achieve the sentencing goals of 18 U.S.C. §3553(a). <u>Kimbrough</u>, 128 S.Ct. at 564.

(Count 5), two counts of possession of an unregistered firearm (Count 6-7), and felon in possession of a firearm (Count 8). (Cr-DE#s92,119).

Prior to sentencing, a PSI was prepared which determined that, pursuant to U.S.S.G. §4B1.1, the movant's sentence should be enhanced based on his status as a career offender. (PSI ¶21). Pursuant to U.S.S.G. §4B1.1, because the statutory maximum for the conspiracy offense charged in Count 1, a violation of 21 U.S.C. §841(b)(1)(A), was life imprisonment, the base offense level was set at a level 37. (Id.).

The probation officer also determined that the movant had a total of 14 criminal history points, resulting in a criminal history category VI. (PSI ¶32). The probation officer concluded, however, that the regardless of the criminal history points, the movant's criminal history category would remain a category VI, pursuant to U.S.S.G. §4B1.1, because a career offender's criminal history category is always a category VI. (Id.). The resulting guideline range for a base offense level 37, with a criminal history category VI is 360 to life in prison. (PSI ¶57). The movant was sentenced to a total of 480 months imprisonment. (Cr-DE#119). Thereafter, the movant received several reductions in his sentence pursuant to Rule 35 based on substantial assistance. The latest reduction in October 2006, reduced the movant's total term of imprisonment to 180 months. (Cr-DE#173).

In this collateral proceeding, the movant seeks a reduction of sentence, pursuant to §2255 based on the recent Amendment to the U.S. Sentencing Guidelines. Amendment 706 and 713 to the U.S. Sentencing Guidelines made retroactive changes to U.S.S.G. §2D1.1.

The precise claim raised herein was the subject of a motion filed in the underlying criminal case. After considering the arguments raised by the movant and the response by the government, the district court denied the movant's request, concluding correctly that the recent amendments were not applicable to the movant because his guideline range was determined pursuant to U.S.S.G. §4B1.1, based on his status as a career offender. (Cr-DE#193). The court found that application of the recent amendment to U.S.S.G. §2D1.1 did not lower the movant's applicable guideline range, and therefore no reduction was appropriate under §3582(c)(2).[2] (Cr-DE#192).

It is therefore recommended that this motion to vacate be denied as moot and alternatively on the merits, as the claim raised herein has been previously denied on the merits, by the district court, in the underlying criminal case.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 19th day of May, 2008.

UNITED STATES MAGISTRATE JUDGE

---

[2] Pursuant to U.S.S.G. §1B1.10(a)(2)(B), "[A] reduction in the defendant's term of imprisonment is not consistent with this policy statement statement and therefor is not authorized under 18 U.S.C. §3582(c)(2) if [a retroactively applied amendment] does not have the effect of lowering the defendant's applicable guideline range."

cc: Errol Sawyer, <u>Pro Se</u>
    Reg. No. 49296-004
    U.S.P. - Atlanta
    P. O. Box 150160
    Atlanta, GA 30315

    Mark Dispoto, AUSA
    United States Attorney's Office
    99 N.E. 4th Street
    Miami, FL 33132